IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

UNITED STATES OF AMERICA        *
                                *
        v.                      *       CR 115-068
                                *
JAMES WILSON                    *

**O R D E R**

In the captioned criminal matter, Defendant James Wilson was tried by United States Magistrate Judge Brian K. Epps on September 16, 2015.[1] Having pled guilty to three violations of 18 U.S.C. § 113(a)(4) (Assault by Striking, Beating or Wounding), one violation of 18 U.S.C. §§ 7 & 13 and O.C.G.A. § 16-11-39(a)(3) (Disorderly Conduct), and one violation of 18 U.S.C. §§ 7 & 13 and O.C.G.A. § 16-11-41(a) (Public Drunkenness), as well as having been found guilty as to one violation of 38 U.S.C. § 901(c) (Violating a Department of Veterans Affairs Security and Law Enforcement Regulation), Defendant was sentenced to twenty-two (22) months imprisonment

---

[1] Defendant was originally charged with: (i) three counts of Assault by Striking, Beating or Wounding in violation of 18 U.S.C. § 113(a)(4); (ii) one count of Disorderly Conduct in violation of 18 U.S.C. §§ 7 & 13 and O.C.G.A. § 16-11-39(a)(3); (iii) one count of Public Drunkenness in violation of 18 U.S.C. §§ 7 & 13 and O.C.G.A. § 16-11-41(a); and (iv) two counts of Violating a Department of Veterans Affairs Security and Law Enforcement Regulation in violation of 38 U.S.C. § 901(c). (Doc. 1.) On September 1, 2015, Defendant pled guilty to all charges other than the two counts of Violating a Department of Veterans Affairs Security and Law Enforcement Regulation. On September 16, 2015, a bench trial was held before the Magistrate Judge on these two remaining counts. Defendant was found guilty of one of the two remaining counts. (Docs. 34, 37.)

on December 14, 2015.[2,3] (Doc. 42.) The Judgment and Commitment Order (the "J&C") was entered on December 18, 2015. (Doc. 46.)

On December 21, 2015, Defendant appealed his sentence to this Court.[4] (Doc. 47.) After several continuances, Defendant timely filed his brief in support of his Notice of Appeal on June 30, 2016. (Doc. 59.) To date, the Government has failed to file a response.

This Court reviews the Magistrate Judge's findings of fact for clear error and his application of the Sentencing Guidelines to the facts *de novo*. See 28 U.S.C. § 3742(e) & (h); United States v. Smith, 231 F.3d 800, 806 (11th Cir. 2000) (citations omitted).

The error alleged by Defendant in regards to the sentence imposed against Defendant is a punctilious one. Defendant does not contest the Magistrate Judge's findings of fact, his reasoning for departing from the sentencing guidelines, or even the actual sentence imposed. Indeed, Defendant readily admits

---

[2] This twenty-two month term of imprisonment "consists of terms of 12 months custody as to each of Counts 1 [Assault by Striking, Beating or Wounding], 2 [Assault by Striking, Beating or Wounding], 4 [Disorderly Conduct], and 5 [Public Drunkenness], and 6 months custody as to Count 6 [Violating a Department of Veterans Affairs Security and Law Enforcement Regulation], all to be served concurrently, plus 10 months custody as to Count 3 [Assault by Striking, Beating or Wounding], to be served consecutively to all other Counts to produce a total term of 22 months." (Doc. 46, at 3.)
[3] Defendant was also ordered to pay special assessments totaling $135.00. (Doc. 46, at 4.)
[4] Pursuant to 18 U.S.C. § 3742(h), "[a]n appeal of an otherwise final sentence imposed by a United States magistrate judge may be taken to a judge of the district court." "A defendant may appeal a magistrate judge's judgment of conviction or sentence to a district judge within 14 days of its entry." FED. R. CRIM. P. 58(g)(2)(B).

2

that the Court properly used – and adequately explained during the December 14, 2015 sentencing hearing – the factors set forth in 18 U.S.C. § 3553(a) in sentencing Defendant to a four-month upward departure from the otherwise applicable guideline range of 12 to 18 months imprisonment. (Doc. 59, at 3; see also Sent'g Transcript, Doc. 57, at 11-12, 33-36.) Rather, Defendant alleges that the Magistrate Judge erred by not including in the J&C a written statement of reasons for the sentence imposed, including the reasons for any departure from the otherwise applicable guidelines range, as required to be submitted to the United States Sentencing Commission by 28 U.S.C. § 994(w)(1)(B). Defendant posits that this alleged error is a material mistake that will have ramifications for Defendant because the Bureau of Prisons relies upon this written statement of reasons when "making decisions concerning [Defendant's] incarceration." (Doc. 59, at 3.)

The Court finds no error here. Upon review of the record, the Court finds that the Magistrate Judge prepared and submitted a written statement of reasons for the sentence imposed against Defendant, including the reasons for his four-month upward departure from the otherwise applicable 12 to 18 month guideline range, in addition to stating these reasons in open court. This document, however, is not typically docketed nor is it provided to the defendant. The Magistrate Judge's written statement of

3

reasons, together with the J&C was thereafter sent to the Probation System, the Sentencing Commission, and the Bureau of Prisons. The Magistrate Judge, therefore, satisfied all applicable requirements under 28 U.S.C. §§ 994(w)(1)(B) & 3553(c). Defendant has set forth no authority requiring the Magistrate Judge's written statement of reasons be made available to Defendant or the public in general.

Accordingly, Defendant's Notice of Appeal is **DISMISSED** and the Magistrate Judge's Judgment is hereby **AFFIRMED**. Out of an abundance of caution, however, the Magistrate Judge or his designee is **DIRECTED** to resubmit to the Bureau of Prisons a copy of the Judgment, the written statement of reasons for sentence, and a transcription or other appropriate public record of the Magistrate Judge's open court statement of reasons for the sentence imposed.

**ORDER ENTERED** at Augusta, Georgia, this 26th day of September, 2016.

HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA